UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CLAIRE ADAMS,<br><br>    Plaintiff<br><br>v.<br><br>PENOBSCOT COMMUNITY HEALTH CARE, ATHENAHEALTH, INC., AND DAVID LOXTERKAMP, MD,<br><br>    Defendants | No. 1:17-cv-00229-LEW |

# ORDER ON DEFENDANTS' APPLICATION FOR
# AWARD OF ATTORNEYS' FEES

Defendants Penobscot Community Health Care and David Loxterkamp, MD, collectively represented by the law firm of Verrill Dana LLP, ask for an award of roughly $32,000 in attorneys' fees, pursuant to a provision of the False Claims Act that reads as follows:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C.A. § 3730(d)(4).

Defendants sought, and received, an extension permitting them to file their fee application on or before February 20, 2020. On February 20, they filed the anticipated application. In their application, Defendants explain why they believe Plaintiff's false claims action was frivolous, vexatious, or meant to harass, but they did not substantiate the fee

component of their request, by affidavit. The failure to substantiate the fee request is a violation of Local Rule 7(a), which reads, in relevant part:

> (a) Submissions of Motions and Supporting Memoranda
>
> Every motion shall incorporate a memorandum of law, including citations and supporting authorities. *Any affidavits and other documents setting forth or evidencing facts on which the motion is based must be filed with the motion.* …

D. Me. Loc. R. 7(a).

Instead, Defendants have advised the Court that, "[o]nce liability is established, Defendants will submit under an appropriate protective order documents establishing their reasonable fees." Application for Attorneys' Fees at 2 (ECF No. 60).

The problem with this approach is that the Rules do not entitle a fee applicant to a bifurcated fee-shifting procedure that addresses the merits first and the lodestar analysis second. In opposing Defendants' application, Plaintiff is entitled to challenge both the merits of the request and the reasonableness of the fee requested. Defendants have received more than ample time to substantiate the fee request with affidavits supporting their request. I am not inclined to grant any further extension.

Defendants' Application for Attorneys' Fees is DENIED.

**SO ORDERED.**

Dated this 28th day of February, 2020

/s/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**