UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CLAIRE ADAMS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00229-LEW |
| | ) | |
| PENOBSCOT COMMUNITY HEALTH CARE, ATHENAHEALTH, INC., AND DAVID LOXTERKAMP, MD, | ) ) ) | |
| | ) | |
| Defendants | ) | |

## **ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION**

On February 28, 2020, I issued an order denying the application for attorney fees presented by Defendants Penobscot Community Health Care and David Loxterkamp, MD, because Defendants did not support the fee component of their application by the applicable deadline, but instead assumed that the Court would permit Defendants to submit billing records and fee affidavits sometime after it resolved the merits of the fee application. I denied the motion for failure to comply with Local Rule 7(a), which reads, in relevant part:

> (a) Submissions of Motions and Supporting Memoranda
>
> Every motion shall incorporate a memorandum of law, including citations and supporting authorities. *Any affidavits and other documents setting forth or evidencing facts on which the motion is based must be filed with the motion.* …

D. Me. Loc. R. 7(a). I explained that the Local Rule does not "entitle a fee applicant to a bifurcated fee-shifting procedure that addresses the merits first and the lodestar analysis second." Order on Defendants' Application for Award of Attorneys' Fees (ECF No. 61).

Defendants now ask that I reconsider my determination, pursuant to Fed. R. Civ. P. 60(b). In support of their position, Defendants observe that Fed. R. Civ. P. 54(d)(2)(C) provides that a court may "decide issues of liability for fees before receiving submissions on the value of services." Motion for Reconsideration at 4.

The Advisory Committee Notes for the 1993 amendment of Rule 54(d) explain that "[t]he amount of time" needed for fee applications "should be tailored to the particular case." It also advises that the court is "authorized to make a determination of liability for fees before receiving submissions … bearing on the amount of an award," and that a bifurcated approach "may be appropriate in actions in which the liability issue is doubtful and the evaluation issues are numerous and complex."

When Defendants filed their unopposed motion to extend the deadline for their fee application, they did not articulate a request for a bifurcated proceeding. Nor did their eventual submission suggest the need for a bifurcated proceeding. Defendants could have and should have articulated the need for bifurcation because, as they observed in their motion to extend, Rule 6 permits a "good cause" extension "*if a request is made*, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A) (emphasis added).

Defendants not only failed to request a bifurcated proceeding when they sought the extension of the deadline, they also failed to provide any cause for bifurcated proceedings in their fee application; *viz.*, they did not suggest the merits were close – anything but, according to them – and they did not suggest that the fee evaluation issues were numerous and/or complex. If Defendants had attempted to make a showing of good cause for a bifurcated fee proceeding, it is doubtful they could have satisfied the standard. But having attempted a showing, at least they

would have given the Court some reason to excuse the untimely presentation of evidence to support their fee evaluation.

As it now stands, even as of the date of this Order, Defendants have not attempted to articulate good cause for bifurcated proceedings. Instead, Defendants argue: "It is difficult to understand how an applicant would request a bifurcated fees procedure … without proceeding as Defendants did, or without filing a preliminary motion to bifurcate, an additional step that would undermine one [of] the main purposes of bifurcation, efficiency." Motion for Reconsideration at 5. In this District, amendments to the schedule are routinely afforded through the simple expedient of a telephone conference with one of the Magistrate Judges. In such a call, however, a party would need to articulate – in a case specific fashion – good cause for bifurcated fee proceedings.

Finding no mistake of law or fact, and finding no showing of good cause to conduct bifurcated proceedings on Defendants' fee application, the Motion for Reconsideration (ECF No. 62) is **DENIED**.[1]

**SO ORDERED.**

Dated this 18th day of May, 2020

                                                /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE

---

[1] Failure to satisfy the good cause standard for timely amendment of the schedule obviates an inquiry into the excusable neglect standard for untimely amendment of the schedule. In any event, I do not read the Motion for Reconsideration to advance excusable neglect as a basis for Rule 60(b) relief. In footnote 1 to their motion, Defendants do mention the idea of excusable neglect, but they do not brief it anywhere in the body of the motion. Instead, the body of the motion briefs the matter entirely as a matter of legal or factual mistake on the Court's part. Motion for Reconsideration at 4; *see also* Reply at 4.